IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CV-47-BO

| | | |
|---|---|---|
| MICHELLE DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 19, 23]. A hearing was held on these matters before the undersigned on February 22, 2022, at Raleigh, North Carolina.[2] For the reasons discussed below, the plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act and supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff alleged a disability onset date of December 1, 2013, in her application filed March 24, 2016. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel for both parties appeared by videoconference.

plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff met the insured status requirements through March 31, 2015, and had not engaged in substantial gainful activity, the ALJ found that plaintiff had the following severe impairments: brain tumor/cyst with seizure partially controlled; degenerative disc disease; and obesity. The ALJ determined that these severe impairments did not meet or medically equal the severity of one of the listed impairments either alone or in combination. The ALJ then found that plaintiff could perform sedentary work with a number of both exertional and nonexertional limitations. At step four the ALJ found that plaintiff was unable to perform her past relevant work as a daycare provider but determined at step five that jobs existed in significant numbers in the national economy which plaintiff could perform, including addresser, document preparer, and touch up screener. Thus, the ALJ concluded that plaintiff was not disabled as of the date of his decision, February 27, 2019.

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence and that the ALJ further failed to properly assess plaintiff's own statements concerning the intensity, persistence, and limiting effects of her symptoms and whether they were consistent with the record evidence.

An RFC assessment must be based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An ALJ's decision "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). Additionally, the inability to afford consistent medical treatment cannot be used as a basis on which to deny disability benefits. *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.").

The record reflects that plaintiff has a benign brain tumor that continues to cause partially controlled seizures, degenerative disc disease, and obesity. A 2012 MRI confirmed the brain tumor/cyst and noted the presence of white matter hypertensities likely due to chronic headaches or injuries from seizures or other neurologic insults. In 2016, it was noted that plaintiff was unable to see a neurologist due to cost, though her primary care doctor referred her to neurology. The ALJ also noted that plaintiff failed to seek any specific medical treatment in 2016 despite the alleged increase in seizures. Regarding her complaints of back pain, plaintiff had an MRI in 2015 that showed mild central canal stenosis and disc protrusion in her thoracic spine and mild central canal

4

stenosis in her lumbar spine. A 2016 x-ray revealed mild lumbar spondylosis and some intervertebral disc space narrowing. However, in finding plaintiff's subjective complaints inconsistent with the record, the ALJ relied heavily on plaintiff having not sought additional treatment beyond her primary care doctor and two visits to the emergency department.

The ALJ failed to fully consider plaintiff's inability to access care due to cost in rendering his decision regarding plaintiff's limitations. Although it is true that plaintiff's complaints and treatment compliance were inconsistent in the record, the failure to consider the impact of her inability to afford specialty or consistent care is especially important in this case as the plaintiff was found only to be able to perform a significantly reduced range of sedentary work. An RFC of less than sedentary work "reflects very serious limitations" and "is expected to be relatively rare." SSR 96-9p. Accordingly, the Court determines that remand of this matter is appropriate for the ALJ to more fully consider the impact of plaintiff's inability to afford specialized or additional treatment. In so doing, the Court does not affirm the ALJ as to the remaining arguments in plaintiff's motion.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is necessary. Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion [DE 23] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __27__ day of February 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE